IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                            Case No. 3:12-CV-03119

CHARLES D. KOLB, d/b/a
COY'S CLEANING SERVICE; and
BANK OF THE OZARKS                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff United States of America's ("United States") motion for summary judgment (Doc. 15). No response has been filed. The United States asks the Court (1) to reduce to judgment unpaid federal tax assessments against Kolb in the amount of $42,977.92, plus statutory accruals after June 24, 2013; (2) to determine that federal tax liens in the amount of $297,625.46, plus statutory accruals after June 24, 2013, exist as valid liens against certain real property located in Harrison, Arkansas; and (3) to foreclose the liens and order the sale of the property. Also before the Court are a consent motion to continue trial and all pretrial filing deadlines (Doc. 18), a motion in limine (Doc. 22), and a consent motion to stay case (Doc. 24), also filed by the United States. For the reasons stated herein, the United States' motion for summary judgment is GRANTED, and all other motions are therefore DENIED as moot.

**I. Background**[1]

On July 21, 2004, non-party L & J Consolidated Enterprises, Inc. conveyed by warranty deed the real property located at 1861 Shellie Lane (also known as #2 Shellie Lane), Harrison, Arkansas,

---

[1] Neither Defendant responded to the United States' statement of material facts (Doc. 16); therefore, these facts are accepted as undisputed for the purposes of summary judgment. *See* Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted . . . .").

legally described as Lot Two (2) Cottonwood Landing, a Subdivision in Boone County, Arkansas (the "subject property"), to Defendant Kolb.  (Doc. 16-2).  Defendant Bank of the Ozarks holds an interest in the subject property by virtue of a mortgage dated July 16, 2004, and recorded on August 3, 2004.  (Doc. 16-6, p. 1).  Kolb has a fee simple ownership interest in the subject property.

A delegate of the Secretary of the Treasury made federal income tax, interest, and penalty assessments against Kolb for tax years 1999–2002, and 2004–2006, as well as employment tax, interest, and penalty assessments for the first, second, and third quarters of 1999; the fourth quarter of 2001; the first and third quarters of 2002; and the first quarter of 2006.  An unemployment tax assessment was also made for 1999.  Notices of the assessments and demands for payment were made on the dates of the assessments.  Kolb failed to pay in full the amounts due, and the IRS subsequently filed and re-filed Notices of Federal Tax Liens ("NFTLs") on some of the tax assessments.  As of June 24, 2013, the balance of the unpaid tax assessments with accrued interest and penalties was $291,587.61 for personal income taxes, $7,724.06 for employment taxes, and $180.14 for unemployment taxes.  (Doc. 16, pp. 2–4).

On November 12, 2009, the United States Bankruptcy Court, Western District of Arkansas, granted Kolb a general bankruptcy discharge under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 727.  (Doc. 16, pp. 5–6; Doc. 16-5).  The United States filed a complaint in this Court on September 10, 2012 (Doc. 1), seeking to reduce to judgment the unpaid tax assessments against Kolb, and further seeking a determination that it has valid federal tax liens on the subject property and an order that those liens be foreclosed.  The United States also asked the Court to order the sale of the subject property and distribute the proceeds in accordance with the Court's findings as to the

validity and priority of the liens and claims of all parties.[2]

## II. Standard of Review

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)).  When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)).  In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party."  *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. Discussion

### A. Reducing Federal Tax Assessments to Judgment

---

[2] The United States originally named the Arkansas Department of Finance and Administration ("DF&A") as a defendant; however, DF&A disclaimed all interest in the subject property, and the parties stipulated to the dismissal of DF&A from this action, with prejudice. (Docs. 11 and 12).  Defendant Bank of the Ozarks is a lienholder against the subject property.  The United States and Bank of the Ozarks have stipulated (Doc. 16-1) that federal tax liens for unpaid employment taxes from the first three quarters of 1999 and the fourth quarter of 2001, totaling $5,857.71 as of June 24, 2013, are superior to Bank of the Ozarks' mortgage.

In support of having the tax assessments reduced to judgment, the United States submitted the declaration of IRS Insolvency Specialist Helen A. Roberts (Doc. 16-3), who has been assigned to collect the federal tax liabilities assessed against Kolb. Attached to her declaration are Certificates of Assessments and Payments—IRS Forms 4340—concerning federal income, employment, and unemployment tax liabilities assessed against Kolb for the tax periods spanning from 1999 through 2006. Ms. Roberts attests that she reviewed the certified tax assessments along with other IRS records, and recalculated the amounts of the assessments and interest to reflect the effect of Kolb's November 12, 2009 bankruptcy discharge. Ms. Roberts determined that Kolb was discharged from personal liability for the following federal tax assessments and accruals: (1) income tax, interest, and penalties for 1999–2004; (2) income tax penalties for 2005; (3) non-trust-fund portions of the employment taxes and penalties, as well as interest thereon, for the first three quarters of 1999, the fourth quarter of 2001, and the first and third quarters of 2002; (4) employment tax penalties for the first quarter of 2006; and (5) unemployment tax, interest, and penalties for 1999. As a result, Ms. Roberts concluded that as of June 24, 2013, Kolb remains personally liable for $42,977.92 in unpaid tax assessments, as follows:

| KOLB'S CURRENT PERSONAL LIABILITY FOR UNPAID TAX ASSESSMENTS | | | | |
|---|---|---|---|---|
| **Tax Type** | **Tax Year/Period** | **Date Assessed** | **Original Total** | **Current Liability** |
| Income | 1999 | 11/26/01 | $66,294.23 | $0.00 |
| Income | 2000 | 5/13/02 | $50,009.57 | $0.00 |
| Income | 2001 | 1/6/03 | $73,760.44 | $0.00 |
| Income | 2002 | 4/21/03 | $37,197.92 | $0.00 |
| Income | 2004 | 9/19/05 | $14,676.12 | $0.00 |
| Income | 2005 | 5/29/06 1/7/08 | $43,440.60 | $32,862.93 |

| KOLB'S CURRENT PERSONAL LIABILITY FOR UNPAID TAX ASSESSMENTS | | | | |
|---|---|---|---|---|
| Tax Type | Tax Year/Period | Date Assessed | Original Total | Current Liability |
| Income | 2006 | 9/24/07 | $6,208.73 | $6,208.73 |
| Employment | 1999 1st Quarter | 5/20/02 | $860.23 | $389.10 |
| Employment | 1999 2nd Quarter | 5/13/02 | $1,655.04 | $785.82 |
| Employment | 1999 3rd Quarter | 5/13/02 | $1,121.35 | $534.15 |
| Employment | 2001 4th Quarter | 5/20/02 | $2,221.09 | $1,117.74 |
| Employment | 2002 1st Quarter | 2/24/03 | $395.83 | $166.11 |
| Employment | 2002 3rd Quarter | 12/30/02 | $1,090.63 | $644.81 |
| Employment | 2006 1st Quarter | 6/8/09 | $369.89 | $268.53 |
| Unemployment | 1999 | 5/13/02 | $180.14 | $0.00 |
| | | | *$299,481.81* | *$42,977.92* |

(Doc. 16-3, pp. 5–7). Furthermore, the United States and Kolb stipulate that Kolb remains personally liable for $42,977.92 in unpaid tax assessments. (Doc. 16-1, p. 2).

In light of Kolb's stipulation to liability on the unpaid taxes, which is supported by the evidentiary showing of the United States, there is no genuine issue of material fact as to Kolb's personal liability for unpaid tax assessments. Therefore, the Court grants summary judgment in favor of the United States and against Kolb for unpaid federal income and employment tax liabilities, as detailed in the table above, in the amount of $42,977.92, plus additional statutory accruals since June 24, 2013.

**B. Foreclosing Federal Tax Liens**

In addition to its request to reduce to judgment the federal tax assessments, the United States also seeks to foreclose the federal tax liens attached to the subject property. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest,

additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. A tax lien imposed by § 6321 arises at the time of assessment and continues until the liability for the assessed amount is satisfied or becomes unenforceable due to lapse of time. 16 U.S.C. § 6322.

In this case, it is undisputed that all tax assessments were made prior to Kolb petitioning for bankruptcy on July 30, 2009. The United States provided evidence—and Kolb stipulates—that federal tax liens totaling $297,625.46 as of June 24, 2013, have survived Kolb's bankruptcy. (Doc. 16-1, p. 2; Doc. 16-3). The United States and Kolb also stipulate that these tax liens encumber Kolb's property and interests in property, including the subject property. The federal tax liens encumbering Kolb's property are detailed in the table below, with totals as of June 24, 2013:

| FEDERAL TAX LIENS ENCUMBERING KOLB'S PROPERTY | | | | | | |
|---|---|---|---|---|---|---|
| **Tax Type** | **Tax Year/Period** | **Date Assessed** | **NFTL Filed** | **NFTL Re-filed** | **Original Total** | **Valid Tax Liens** |
| Income | 1999 | 11/26/01 | 3/16/09 | 12/12/11 | $66,294.23 | $66,294.23 |
| Income | 2000 | 5/13/02 | 3/16/09 | 12/12/11 | $50,009.57 | $50,009.57 |
| Income | 2001 | 1/6/03 | 3/16/09 | 4/13/12 | $73,760.44 | $73,760.44 |
| Income | 2002 | 4/21/03 | 3/16/09 | 6/4/12 | $37,197.92 | $37,197.92 |
| Income | 2004 | 9/19/05 | 3/16/09 | n/a* | $14,676.12 | $14,676.12 |
| Income | 2005 | 5/29/06 1/7/08 | 3/16/09 | n/a* | $43,440.60 | $43,440.60 |
| Income | 2006 | 9/24/07 | 3/16/09 | n/a* | $6,208.73 | $6,208.73 |
| Employment | 1999 1st Quarter | 5/20/02 | 11/12/02 | 3/16/12 | $860.23 | $860.23 |
| Employment | 1999 2nd Quarter | 5/13/02 | 11/12/02 | 3/16/12 | $1,655.04 | $1,655.04 |
| Employment | 1999 3rd Quarter | 5/13/02 | 11/12/02 | 3/16/12 | $1,121.35 | $1,121.35 |
| Employment | 2001 4th Quarter | 5/20/02 | 11/12/02 | 3/16/12 | $2,221.09 | $2,221.09 |

| FEDERAL TAX LIENS ENCUMBERING KOLB'S PROPERTY | | | | | | |
|---|---|---|---|---|---|---|
| **Tax Type** | **Tax Year/Period** | **Date Assessed** | **NFTL Filed** | **NFTL Re-filed** | **Original Total** | **Valid Tax Liens** |
| Employment | 2002 1st Quarter | 2/24/03 | — | — | $395.83 | $0.00 |
| Employment | 2002 3rd Quarter | 12/30/02 | — | — | $1,090.63 | $0.00 |
| Employment | 2006 1st Quarter | 6/8/09 | — | — | $369.89 | $0.00 |
| Unemployment | 1999 | 5/13/02 | 11/12/02 | 3/16/12 | $180.14 | $180.14 |
|  |  |  |  |  | $299,481.81 | $297,625.46 |

\* The re-filing deadline has not yet passed.

In compliance with 26 U.S.C. § 6323, the IRS has filed and re-filed NFTLs—as indicated in the table above—to protect the priority of its federal tax liens by providing notice to third parties of the United States' interest in the taxpayer's property. Furthermore, the United States and Bank of the Ozarks have stipulated (Doc. 16-1) that federal tax liens for unpaid employment taxes from the first three quarters of 1999 and the fourth quarter of 2001, totaling $5,857.71 as of June 24, 2013, are superior to Bank of the Ozarks' mortgage. Therefore, the proceeds from the foreclosure sale will be distributed according to the parties' priority, as stipulated.

The Court finds that valid federal tax liens described above exist against Kolb's property, including the subject property located at 1861 Shellie Lane (also known as #2 Shellie Lane), Harrison, Arkansas, in the amount of $297,625.46, plus any additional statutory accruals. The Court further finds that the United States is entitled to a decree of foreclosure against the subject property, and the tax liens for unpaid employment taxes assessed during 1999 and the fourth quarter of 2001 have priority over the lien held by Bank of the Ozarks. Accordingly, pursuant to 26 U.S.C. § 7403(a), the federal tax liens will be foreclosed and the subject property will be sold and the proceeds distributed in compliance with § 7403(c).

**IV. Conclusion**

For the foregoing reasons, the United States is entitled to summary judgment against Defendant Kolb for the unpaid assessed balance of the income and employment taxes, including accrued interest and other statutory additions, that has survived his bankruptcy discharge. Furthermore, valid tax liens encumber Kolb's property and interest in property, and the United States is entitled to foreclose such liens.

IT IS HEREBY ORDERED that the United States' motion for summary judgment (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that the United States is entitled to collect federal tax assessments against Kolb personally in the amount of $42,977.92, as well as interest allowable by law, penalties, and additions accruing through the date of payment or other satisfaction.

IT IS FURTHER ORDERED that valid federal tax liens exist against Kolb's property in the amount of $297,625.46, plus any additional statutory accruals.

IT IS FURTHER ORDERED that the United States' tax liens shall be enforced and foreclosed against the real property located at 1861 Shellie Lane (also known as #2 Shellie Lane), Harrison, Arkansas.

The United States is HEREBY DIRECTED to provide the Court with a proposed decree to be entered as a final judgment in this matter <u>within 10 (ten) days of the date of this Order, or, if the current shutdown of the federal government prevents such action, within seven (7) days of the date Congress has restored appropriations to the Department of Justice</u>.  At a minimum, the proposed decree should:

(1)    specify Kolb's personal tax liability, as described in this Order;

(2) include details from the warranty deed describing the subject property, as well as the appropriate legal description thereof and all other known descriptions of said property;

(3) set forth the proposed manner of foreclosing the federal tax liens on the subject property; and

(4) identify any remaining outstanding liens on the subject property, detailing the priority of those interests, including but not limited to the lien held by Defendant Bank of the Ozarks.

IT IS FURTHER ORDERED that the United States' consent motion for continuance (Doc. 18) is DENIED as moot.

IT IS FURTHER ORDERED that the United States' motion in limine (Doc. 22) is DENIED as moot.

IT IS FURTHER ORDERED that the United States' agreed motion to stay case in light of United States Government cessation (Doc. 24) is DENIED as moot.

IT IS SO ORDERED this 10th day of October, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE