IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                              Case No. 3:12-CV-03119

CHARLES D. KOLB, d/b/a
COY'S CLEANING SERVICE; and
BANK OF THE OZARKS                                                       DEFENDANTS

## ORDER OF SALE

Judgment was entered in favor of the United States and against Charles D. Kolb, d/b/a Coy's Cleaning Service ("Kolb") on October 28, 2013, for the unpaid federal income, employment, and unemployment taxes, plus accrued penalties and interest, in the amount of $42,977.92.  Judgment was also entered foreclosing federal tax liens in the amount of $297,625.46 against all property and rights to property of Kolb, including the real property known as 1861 Shellie Lane, Harrison, Arkansas, 72601 (the "subject real property"), which has the following legal description:

> Lot Two (2) in Cottonwood Landing, a Subdivision in Boone County, Arkansas.
> Subject to Easements, Restrictions and Reservations of Record.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") are authorized to offer for sale at public auction and sell the subject real property.

2. The terms and conditions of the sale of the subject real property are as follows:

   A. The public auction sale of the subject real property shall be made without right of redemption.

   B. The sale shall be subject to building lines (if established), all laws, ordinances, governmental regulations (including building and zoning residences) affecting the subject real property, and easements and restrictions of record, if any.

C. The subject real property shall be sold free and clear of the federal tax liens, and free and clear of all liens and claims, if any, of the other parties to this action, as well as the interest of Capital One Bank (USA), N.A. (which is junior to the federal tax liens).

D. The sale shall be held at a place in Boone County, Arkansas, either on the premises of the subject real property or at any other place in the county in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

E. PALS shall announce the date and time for the sale.

F. Notice of the sale shall be published once a week for at least four consecutive weeks before the time fixed for the sale in at least one newspaper regularly issued and of general circulation in Boone County, Arkansas, and by any other notice that PALS in its discretion may deem appropriate. The notice of sale shall contain a description of the subject real property, and shall contain the terms and conditions of sale in this order.

G. If there are any local municipal liens for any delinquent taxes in connection with the subject real property, the United States shall obtain from the municipality a bill, statement, or claim for such delinquent taxes and deliver it to PALS at least five days before the sale. Any municipal tax liens shall be satisfied from the proceeds from selling the subject real property, and the subject real property shall be sold free and clear of any such municipal liens.

H. PALS shall set a minimum bid for the sale of the subject real property. If the minimum bid is not met or not exceeded, PALS may, without further permission of the Court and under the terms and conditions of this order, hold a new public sale and, if necessary, reduce the minimum bid.

I. The subject real property shall be sold to the highest bidder, with the United States (through PALS) having the right to withdraw the property from bidding at any time prior to the acceptance of a bid if the bids are inadequate in its opinion. As stated above, the subject real property shall be sold free and clear of all liens and claims.

J. At the time of the sale, the successful bidder(s) shall deposit with PALS, by money order or by certified or cashier's check, an amount of at least five percent of the minimum bid as specified in the published Notice of Sale. The money order or check shall be made payable to and deposited with the Clerk of the U.S. District Court for the Western District of Arkansas. Before being permitted to bid at the sale, bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he/she/it is the successful bidder,

    he/she/it can make the deposit required by this order.

K.  The successful bidder(s) shall pay the balance of the purchase price to PALS for the subject real property within 60 days after the date the bid is accepted. Payment shall be by a certified or cashier's check payable to the Clerk of the U.S. District Court for the Western District of Arkansas. The check given to PALS shall be deposited with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to Charles D. Kolb's federal tax liabilities. In the event that the bidder fails to pay the balance of the purchase price as stated, the Clerk of the Court shall distribute the deposit as directed by PALS by check made payable to the "United States Treasury," and the subject real property shall be again offered for sale under the terms and conditions of this order, or, alternatively, sold to the second highest bidder if the second bid meets at least the minimum bid set forth in paragraph 2(I) above.

L.  The Clerk of this Court is directed to accept the proceeds of the sale and deposit them into the Court's registry for distribution pursuant to this order and any further order of this Court. (See 2(N) below.)

M.  The sale of the subject real property shall be subject to confirmation by the Court. No later than 30 days after receipt of the balance of the purchase price, PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed.

N.  On confirmation of the sale, PALS or the IRS shall execute and deliver a deed of judicial sale conveying the subject real property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the subject real property that are held or asserted by the United States and any of the other parties to this action, as well as any interest held by Capital One Bank (USA), N.A., are discharged and extinguished.

O.  When this Court confirms the sale of the subject real property, the Clerk of the Boone County Circuit Court, Arkansas, shall record the deed in favor of the successful bidder. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry and/or filing fees as required by law.

P.  To preserve the subject real property and place it in a proper condition for sale, PALS is authorized to take possession and custody of the subject real property, have free access to the premises, and to take all action necessary to preserve the property between the date of this order and date of confirmation of sale by the Court.

Q. Until the subject real property is sold, Charles D. Kolb may remain on the premises of the property. While using or residing at that property, Charles D. Kolb shall take all reasonable steps necessary to preserve the subject real property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, obtaining or maintaining fire and casualty insurance on the realty at his own expense. Charles D. Kolb shall not do anything to reduce the value or marketability of the subject real property. He shall neither commit waste against that property, nor cause or permit anyone else to do so. Charles D. Kolb shall continue to pay the local real estate taxes and other municipal charges assessed against the subject real property until the property is sold. If the subject real property is destroyed before its sale and Charles D. Kolb is entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court.

R. Within 20 days from the sale of the subject real property, Charles D. Kolb and all other persons (if any) occupying the property shall permanently leave and vacate the premises, taking with them their personal property (but leaving all improvements, buildings, fixtures and appurtenances to the property). If Charles D. Kolb or any other person occupying the subject real property fails to vacate, PALS, in coordination and with the assistance of the United States Marshal's Service, is hereby authorized to take whatever action that it deems appropriate to remove Charles D. Kolb or any other person from the premises. This includes that the United States Marshal's Service is authorized and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any structures located thereon, for the purpose of executing this order. The United States Marshal's Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this order.

S. If Charles D. Kolb or any other person fails to remove his/her personal property within 20 days of the sale of the subject real property, this personal property is deemed forfeited and abandoned, and PALS is authorized to dispose of such personal property in any manner it deems appropriate, including but not limited to the sale of such personal property. The proceeds of the sale of any personal property shall be applied first to the expenses of sale, and then remitted to the Court for further distribution. Checks for the purchase of the personal property shall be made payable to the Clerk of the U.S. District Court for the Western District of Arkansas, and the Clerk is directed to accept such checks and deposit them into the Court's registry for distribution pursuant to further order of the Court.

   T. The United States shall provide defendant Bank of the Ozarks with a minimum of 20 days' advance written notice of the date of the sale of the subject real property. Ten days before the scheduled sale of the subject real

property, Bank of the Ozarks shall file with the Court and serve, by overnight mail on counsel for the United States, a declaration under the penalty of perjury (see 28 U.S.C. § 1746(2)) or affidavit as to the balance due regarding the remaining amount of its mortgage. Failure to abide by this order shall render Bank of the Ozarks' mortgage null and void, and the subject real property shall be sold free and clear of the mortgage.

3. After the Court confirms the sale of the subject real property, all the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order:

A. First, to PALS for the expenses of the sale of the subject real property.

B. Second, to any municipality to satisfy any delinquent taxes pertaining to the subject real property as stated in paragraph 2(H) above, to the extent not paid through payment of Bank of the Ozarks' mortgage.

C. Third, to the United States towards the satisfaction of federal tax liens attributable to Kolb's federal employment tax liabilities for tax periods ending on March 31, 1999; June 30, 1999; September 30, 1999; and December 31, 2001.

D. Fourth, to Bank of the Ozarks to satisfy its mortgage dated July 16, 2004, and recorded as Instrument No. 04-006167 on August 3, 2004 at the office of the Boone County Circuit Clerk, Arkansas, as well as modifications of the mortgage.

E. Fifth, to the United States towards the satisfaction of federal tax liens attributable to Kolb's federal income tax liabilities for tax years 1999 through 2002, and 2004 through 2006; and unemployment tax liabilities for tax year 1999.

F. Sixth, if there are any remaining sale proceeds, then to Capital One Bank (USA), N.A., to satisfy its judgment against Charles D. Kolb dated June 5, 2009 and recorded on July 10, 2009 at the office of the Boone County Circuit Clerk.

G. If there are still any remaining proceeds from the sale after distributions have been made in accordance with paragraphs 3(A)–3(F), the remaining proceeds shall be held in the Court's registry pending further order from the Court.

4. In order to carry out the terms of paragraph 3 above, the United States shall apply to the Court for a distribution order requiring the Clerk of the Court to make payments in accordance with the terms of paragraph 3(A)–(G) above.

IT IS SO ORDERED this 28th day of October, 2013.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE